**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1143-22

CHRISTIAN GONZALES,

    Plaintiff-Appellant,

v.

WILFREDO MEJIA-
MENDOZA and UBER,

    Defendants-Respondents.

_____

Argued February 12, 2024 – Decided September 3, 2024

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0737-20.

Josue Jean Baptiste argued the cause for appellant (Jean-Baptiste & Associates, attorneys; Josue Jean Baptiste, on the briefs).

Daniel W. Szep argued the cause for respondent Wilfredo Mejia-Mendoza (Goetz Schenker Blee & Wiederhorn, attorneys; Scott Barry Lipowitz and Daniel W. Szep, of counsel and on the brief).

Lisa M. Only argued the cause for respondents Uber Technologies, Inc. I/P/A Uber Corporation (Goldberg Segalla LLP, attorneys; John W. Meyer, of counsel and on the brief).

PER CURIAM

Plaintiff Christian Gonzales appeals from the November 18, 2022 order denying his motion for reconsideration of the October 7, 2022 order dismissing his complaint with prejudice pursuant to Rule 4:23-5(a)(2) for failure to respond to discovery, comply with an August 26, 2022 order to produce the outstanding discovery, and attend the scheduled independent medical examination (IME), and denying his motion to reinstate his complaint. Having reviewed the record and considered the parties' contentions, we affirm.

## I.

In February 2020, plaintiff filed a complaint against defendants alleging personal injuries because of an automobile accident. During discovery, plaintiff failed to provide responses to Mejia-Mendoza's interrogatories and notice to produce.[1] It was not until defendants' second "good faith" letter did plaintiff provide initial answers to defendants' Form A interrogatories. Plaintiff's

---

[1] Mejia-Mendoza conducted discovery on behalf of co-defendant, Uber, so we will refer to Mejia-Mendoza's conduct in discovery as defendants' conduct for simplicity.

A-1143-22

answers listed several health care providers that rendered treatment related to the October 12, 2019 accident and disclosed a previous motor vehicle accident from 2013. Although plaintiff's answers referenced attached medical bills and records, none were provided. Plaintiff likewise did not provide responses to defendants' supplemental interrogatories and notice to produce and failed to sign the requested HIPAA releases.

In attempt to cure the deficient responses to Form A interrogatories, plaintiff resent his responses with the missing attachments: one medical bill, several pages of handwritten examination notes, and four pages of MRI tests. Defendants consented to plaintiff's request for an additional two weeks to provide the remaining outstanding discovery responses. Thereafter, plaintiff provided several HIPAA releases, including a signed blank release, to defendants.

Upon review of plaintiff's medical records, defendants requested additional information regarding the identity of the doctor that recommended plaintiff undergo cervical and lumbar fusion surgeries, additional surgical reports, and the operative reports regarding plaintiff's epidural injections. Defendants also requested specific responses to ten Form A interrogatories. Plaintiff did not respond.

A-1143-22

After plaintiff failed to respond to defendant's repeated requests, defendants moved to extend discovery and to dismiss plaintiff's complaint without prejudice. On August 27, 2021, an order was entered granting defendants' motion to dismiss without prejudice and denying the motion to extend discovery as moot.

Plaintiff still made no attempt to cure the deficiencies. On November 17, defendants moved to dismiss plaintiff's complaint with prejudice because plaintiff's discovery responses remained outstanding. Plaintiff's request for an extension was granted so as to provide "fully respons[ive] discovery to defendants."

Plaintiff served the additional and supplemental discovery responses but did not provide the requested HIPAA releases nor produce the additional medical records for the providers who had recommended surgery or performed injections. Plaintiff also sent an email confirmation he was examined by an orthopedist and surgery was recommended, but did not provide the name of the doctor, treatment records, or HIPAA authorizations. Nonetheless, defendants withdrew their motion.

Although plaintiff's complaint had not been reinstated, defendants scheduled a defense medical examination. Plaintiff failed to attend the

A-1143-22

examination or notify defendants of his need to reschedule. When defendants later rescheduled the examination, plaintiff again failed to appear.

After plaintiff failed to appear for the second examination, defendants moved to dismiss plaintiff's complaint with prejudice for failing to attend the examination, or in the alternative, compel the examination. A July 22, 2022 order followed, compelling plaintiff to produce the outstanding discovery, appear at the examination, and move to reinstate his complaint after the examination was conducted. The order also stated if plaintiff failed to attend the examination, his motion to reinstate his complaint would be denied. Plaintiff prematurely moved to reinstate his complaint, resulting in the court's denial of his motion on August 26, 2022, which once again compelled plaintiff to attend the examination.

Nevertheless, plaintiff again failed to appear for the scheduled examination. Defendants thereafter moved to dismiss plaintiff's complaint with prejudice for his failure to comply with both the July 22 and August 26, 2022 orders. Two days before the hearing date, plaintiff's counsel filed a certification advising that he provided notice of the pending dismissal motion to his client in accordance with Appendix II B.

On October 7, 2022, following oral argument, the trial judge granted defendants' motion to dismiss plaintiff's complaint with prejudice based on his failure to provide discovery prior to the motion to reinstate his complaint, failure to comply with discovery as set forth in the August 26, 2022 order, and the failure to attend the court-ordered examination. Plaintiff's cross-motion to reinstate his complaint was denied. Plaintiff moved for reconsideration, which was denied in an oral decision on November 18, 2022. This appeal followed.

Plaintiff argues on appeal that the trial judge erred in "refusing to evaluate whether discovery had been fully compliant before deciding to dismiss a case with prejudice." Plaintiff also argues that a hearing should be required prior to the trial court issuing an order to dismiss a complaint with prejudice. Lastly, plaintiff contends that the trial judge has an obligation to give an "innocent" plaintiff his "day in court." Plaintiff's arguments lack merit.

We review a trial court's grant or denial of a motion to reconsider with deference. Hoover v. Wetzler, 472 N.J. Super. 230, 235 (App. Div. 2022) (citing Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021)). "Motions for reconsideration are governed by Rule 4:49-2, which provides that the decision to grant or deny a motion for reconsideration rests within the sound discretion

6

of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015).

In reviewing a trial court's dismissal of a complaint with prejudice for discovery misconduct, we apply an abuse of discretion standard. Abtrax Pharms., Inc. v. Elkins-Sin, Inc. 139 N.J. 499, 517 (1995). Under this standard, a trial court's decision on a discovery matter is "entitled to substantial deference and will not be overturned absent an abuse of discretion." DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (quoting State v. Stein, 225 N.J. 582, 593 (2016)).

Plaintiff repeatedly failed to abide by his discovery obligations. He failed to produce fully responsive answers to interrogatories, to fully produce the treatment records, to disclose the healthcare providers names, and to appear for three scheduled defense examinations. The trial judge was permitted to dismiss the complaint with prejudice under Rule 4:23-5(b)(3). As aptly stated by the trial judge: "There [was] nothing in the [p]laintiff's opposition . . . brief that deals with that discovery. It does not say that we provided all of the requested discovery matters that were the subject of the prior dismissal without prejudice." We discern no abuse of discretion based on plaintiff's deliberate and contumacious noncompliance with two court orders. Gonzalez v. Safe & Sound

Sec. Corp., 185 N.J. 100, 115 (2005).  The trial judge properly exercised the discretion under Rule 4:23-5(b)(3).

We are likewise satisfied the trial judge reviewed and considered the evidence submitted by plaintiff in support of his reconsideration motion at the time of the denial.  D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).  Thus, we have no cause to disturb the trial judge's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1143-22